TRINA A. HIGGINS, United States Attorney (#7349)
CARL D. LESUEUR, Assistant United States Attorney (#16087)
BRENT L. ANDRUS, Assistant United States Attorney (NY #5143474)
Attorneys for the United States of America
Office of the United States Attorney
111 S. Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AARON A. WAGNER,<br><br>Defendant. | Case No. 2:24mj1042<br><br>RESPONSE AND LIMITED OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY<br><br>Judge Dustin B. Pead |

The Court should grant the Defendant's motion by entering an order directing the United States to provide the discovery required by Rule 16 of the Federal Rules of Criminal Procedure. The United States also submits it would be appropriate for the Court to issue an oral and written order under Rule 5(f) reminding the government of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and the possible consequences of violating such an order, which may include suppression of evidence or dismissal of charges.

The Defendant's motion, however, seeks an order directing disclosures beyond the requirements of the law and rules. For instance, the Utah rules of evidence the Defendant refers to are inapplicable here. The law does not require the open file discovery the Defendant requests. *See, e.g., United States v. Wright*, 43 F. 3d 491, 496 (10th Cir. 1994) (government is not required

to give the defendants open file discovery of all evidence in the government's possession). Impeachment materials need not be disclosed "forthwith." *See, e.g., United States v. Ruiz*, 536 U.S. 622 (2002) (no right to *Giglio* material disclosures before a guilty plea); 18 U.S.C. § 3500 (government may not be required to provide a witness's prior statements before they have testified on direct). Nor is the government required to provide materials to impeach individuals it does not intend to call as witnesses, unless the government is relying upon their hearsay statements.

Despite these limited objections, the United States does not object to an order granting the motion by directing disclosure under Rule 16, *Brady* (exculpatory evidence), *Giglio* (impeachment evidence), and *Jencks* (prior statements). The United States anticipates not only complying, but also exceeding the scope of required disclosure, and doing so earlier than the law and rules require. Given, however, the retaliatory actions already taken against witnesses, and concerns other witnesses have expressed about retaliation, the United States requires the discretion the law affords in determining the timing, manner, and scope of some of those disclosures.

DATED November 5, 2024.                    Respectfully submitted,

TRINA A. HIGGINS
United States Attorney

*/s/Carl D. LeSueur*
CARL D. LESUEUR
Assistant United States Attorney