RICHARD A. VAN WAGONER (4690)
NATHAN A. CRANE (10165)
SPENCER FANE LLP
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145-5000
Telephone:  (801) 521-9000
rvanwagoner@spencerfane.com
ncrane@spencerfane.com
*Attorneys for Aaron Wagner*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br>AARON A. WAGNER, and<br>MICHAEL MAINS,<br><br>Defendant. | **DEFENDANTS' JOINT MOTION TO SEVER**<br><br><br>Case No. 2:24-cr-00357<br><br>Judge Ted Stewart |

Defendants Aaron Wagner and Michael Mains, through undersigned counsel, move the Court to sever Counts 1-4, 5-6, and 7-8 of the Superseding Indictment as having been improperly joined under Rule 8(a), Federal Rules of Criminal Procedure. Severance is appropriate because each group of counts is entirely separate from the other groups of counts because each group arises from distinct, dissimilar conduct with no relation to the other groups.  The Superseding Indictment does not plead a shared victim, shared transaction, shared business entity, shared objective, or integrated plan tying the three groups together.

For independent reasons and pursuant to Federal Rule of Criminal Procedure 8(b), the Court should sever Counts 7-8. Mr. Mains is not charged in the separate scheme alleged in those Counts.[1]

If Counts 1-4, 5-6, and 7-8 of the Superseding Indictment were properly joined under Rule 8(a), the Court should sever the counts representing the separate schemes under Rule 14(a), Federal Rules of Criminal Procedure, due to prejudice.[2]

## I.   BACKGROUND

1.      On October 23, 2024, the United States filed a sealed Complaint against Aaron Wagner. The Complaint alleged one count of wire fraud in violation of 18 U.S.C. § 1343. The Complaint alleged Wagner "devised and intended to devise a scheme to defraud private investors and lenders in restaurant businesses managed by WagsCap Food Services, LLC (WagsCap) and other related entities, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises to those investors." (Dkt. 1)

2.      On November 6, 2024, a grand jury issued an Indictment against Aaron Wagner and Michael Mains. The Indictment superseded the Complaint of October 23, 2024, filed against Wagner.  The Indictment charged 16 counts.  Fifteen of the 16 counts

---

[1] Defendant Mains is separately filing a motion to sever Counts 7-8 under Rule 8(b). Rule 8(b) permits joinder only where defendants are alleged to have participated in the same act or transaction, or the same series of acts or transactions. Counts 7-8 charge Wagner alone in a Central Bank construction-loan theory. Mains is not alleged to have participated.

[2] The Court has a continuing duty to assess prejudice to defendants to assure they receive a constitutionally sufficient trial within the meaning of the Fifth and Sixth Amendments. The "trial judge has a continuing duty at all stages of the trial to grant severance if prejudice does appear." *Schaffer v. United States*, 362 U.S. 511, 516 (1960).

related to and arose out of a single alleged scheme against restaurant business investors. The alleged scheme involved the same restaurant business that was outlined in the single count alleged against Wagner in the October 23, 2024 Complaint, as follows:

> Counts 1-4 against Wagner and Mains alleged they "devised and intended to devise a scheme to defraud private investors and lenders in restaurant businesses managed by WagsCap Food Services, LLC and other related entities, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises to those investors."

> Count 5 against Wagner and Mains alleged a conspiracy that "defendants would by deceit, craft, trickery and dishonest means, defraud investors through the scheme described in paragraphs 1 through 16 above [related to restaurant businesses managed by WagsCap Food Services, LLC and other related entities identified in Counts 1-4], and by covering up and concealing that scheme."

> Counts 6-8 and 10-11[3] against Wagner and Mains for transactional money laundering incorporated all prior allegations in the Indictment and alleged "defendants herein, and their coconspirators did knowingly engage and attempt to engage in [] monetary transactions . . ., each transaction constituting a separate count and each count involving criminally derived property of a value greater than $10,000, which property was in fact derived from a specified unlawful activity (wire fraud in violation of 18 U.S.C. § 1343)." The Indictment then alleged six separate transactions relating to the alleged scheme identified in Counts 1-4, involving transfers of funds intended to be invested in restaurants. The Indictment identified the restaurants as Kokonut Island Grill, Dirty Bird, and Hello Sugar.

> Counts 12-16 against Wagner and Mains for money laundering, concealment of wire fraud proceeds, incorporated all prior allegations in the Indictment and alleged defendants "and their coconspirators did conduct and attempt to conduct [] financial transactions . . ., each transaction constituting a separate count, and each transaction involving the proceeds of specified unlawful activity (namely, wire fraud in violation of 18 U.S.C. § 1343), knowing that the financial transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of proceeds of specified unlawful activity." The Indictment then identified five transactions where funds were allegedly diverted from the

---

[3] Count 9 alleged payment from Dynamic Capital LLC's account to American Express for Wagner's "personal expenses, using funds obtained from "L.H." intended to be invested in real property in Montana." It is not clear how this count related to any others charged in the same category of counts, to any other count in the Indictment, or to defendant Mains.

restaurant investments. The Indictment identifies the restaurants as Kokonut Island Grill, Hello Sugar, and Dirty Bird.

(Dkt. 22)

3. On April 9, 2025, a grand jury issued a Superseding Indictment against Wagner and Mains. The Superseding Indictment now alleges three distinct, separate, and unrelated schemes in eight counts, as follows:

### a. Counts 1-4: "Charges Relating to Scheme Against Restaurant Business Investors"

4. Counts 1-4 of the Superseding Indictment relate to the same group of alleged transactions as set forth in the Complaint and original Indictment, characterized as "Charges Relating to Scheme Against Restaurant Business Investors."

> Count 1 against Wagner and Mains alleges wire fraud and identifies four separate alleged transactions in which funds were diverted, embezzled, among other allegations, as previously alleged in Counts 1-4 of the original Indictment.

> Count 2 against Wagner and Mains incorporates allegations relating to wire fraud under Count 1 and alleges conspiracy to commit wire fraud, as previously alleged in Count 5 of the original Indictment.

> Count 3 against Wagner and Mains alleges a money laundering conspiracy relating to the same alleged restaurant scheme, as previously alleged in Counts 6-8 and 10-11 of the original Indictment.

> Count 4 against Wagner and Mains alleges transactional money laundering relating to the same alleged restaurant scheme, as previously alleged in Counts 12-16 of the original Indictment.

(Dkt. 65)

### b. Counts 5-6: "Charges related to Scheme Against Mains' Spouse"

5.      Counts 5-6 of the Superseding Indictment against Wagner and Mains allege an entirely new set of "Charges Related to Scheme Against Mains' Spouse," which are different from both the alleged "Charges Relating to Scheme Against Restaurant Business Investors" identified in Counts 1-4 of the Superseding Indictment and the alleged "Charges Related to Scheme Against A Bank," identified in Counts 7-8 of the Superseding Indictment. The government alleges defendants engaged in the following scheme against Mains' then wife:

> Count 5 against Wagner and Mains alleges a scheme to hide money from Mains' "then spouse," in a domestic relations dispute over marital assets in a state court case.

> Count 6 against Wagner and Mains incorporates the allegations relating only to Count 5 and alleges a conspiracy to commit wire fraud in connection with the "Scheme Against Mains' Spouse."

(Dkt. 65)

### c.      Counts 7-8: "Charges Related to Scheme Against A Bank"

6.      Counts 7-8 of the Superseding Indictment charge Wagner alone with another entirely new set of "Charges Related to Scheme Against A Bank," which are different from both the alleged "Charges Relating to Scheme Against Restaurant Business Investors," identified in Counts 1-4 of the Superseding Indictment and the alleged "Charges related to Scheme Against Mains' Spouse," identified in Counts 5-6 of the Superseding Indictment.

> Count 7 alleges that Wagner devised and executed a scheme to defraud Central Bank by obtaining a construction loan for a commercial property development which had multiple investors. Wagner is accused of having used a portion of the funds from the construction loan to build a structure at his personal residence.

> Count 8 alleges concealment money laundering related to the funds allegedly used in Count 7 of the Superseding Indictment.

(Dkt. 65)

## II.  ARGUMENT

Counts 1-4, 5-6 and 7-8 of the Superseding Indictment were not properly joined under Rule 8(a), Federal Rules of Criminal Procedure, and should be severed.  In the alternative, the Court should sever counts 1-4, 5-6, and 7-8 under 14(a), Federal Rules of Criminal Procedure, due to significant prejudice the defendants will suffer. Joining the three separate, unrelated alleged schemes will cause the jury to conclude the defendants have a propensity to commit fraud, which Rules 404(b) and 403 are designed to prevent.

The case began on October 23, 2024 with a single-count Complaint filed against Defendant Wagner alleging he "devised and intended to devise a scheme to defraud private investors and lenders in restaurant businesses managed by WagsCap Food Services, LLC (WagsCap) . . . ." Dkt 1.  Two weeks later on November 6, 2024, a grand jury issued an Indictment against Aaron Wagner and Michael Mains alleging 16 counts related to the same alleged restaurant investor scheme included in the criminal complaint. Dkt. 22. The government superseded on April 9, 2025, (a) reducing the number of counts relating to the restaurant investor program, and adding separate counts relating to (b) an alleged conspiracy to defraud Mains' wife and (c) Wagner's construction loan with a bank. The threshold decision whether counts are properly joined "turns on the purely legal question whether the charged offenses are of 'the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common

6

scheme or plan.'" *United States v. Hutchison*, 573 F.3d 1011, 1026 (10th Cir. 2009) (quoting Fed. R. Crim. P. 8). The allegations of the Superseding Indictment do not satisfy any of these preconditions to joinder.

Even if the Court were to determine that all counts from the three separately identified schemes were properly joined under Rule 8(a), the counts representing the three separate alleged schemes should be severed under Rule 14(a), Federal Rule of Criminal Procedure, due to substantial prejudice to the defendants.

### A. The Indictment Improperly Joins Counts Alleging Three Separate, Distinct, Dissimilar, and Unrelated Schemes Under Rule 8(a)

The three categories of counts in this case should never have been joined together in a single indictment. The chart below illustrates the charges and their material difference:

| Category | Counts | Defendants | Alleged victim | Subject matter / core proof | Why it supports severance |
|---|---|---|---|---|---|
| Restaurant-investor allegations | Counts 1-4 | Wagner + Mains | Restaurant investors / lenders | Food-services businesses; WagsCap-related entities; investor communications; restaurant entities; fund transfers. | Different investors, businesses, witnesses, records, and alleged transactions from the divorce/spouse and bank allegations. |
| Mains spouse / divorce allegations | Counts 5-6 | Wagner + Mains | Mains' then-spouse | Domestic-relations dispute; alleged concealment of marital assets; divorce-case evidence; communications relating to Mains' spouse. | Highly inflammatory and emotionally charged; conceptually unrelated to restaurant investors or Central Bank loan issues. |
| Central Bank / bank allegations | Counts 7-8 | Wagner only | Central Bank | Construction loan / property development; loan documents; draw requests; property records; bank communications; | Mains is not charged; different lender, transaction, property, alleged victim, documents, timeline, and witnesses. |

| | | | | alleged personal-residence use. | |
|---|---|---|---|---|---|

Rule 8(a), Federal Rules of Criminal Procedure, provides:

> Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same actor or transaction, or are connected with or constitute parts of a common scheme or plan.

The rule's plain language permits the government to charge multiple counts in a single indictment only if the offenses charged (1) are of the same or similar character, (2) are based on the same act or transaction, or (3) constitute parts of a common scheme or plan. None of these preconditions to joinder are present here.

The counts against the defendants instead represent three distinct, dissimilar schemes: (1) an alleged scheme against restaurant business investors (Counts 1-4); (2) an alleged scheme against Mains' ex-wife in a Utah state court marital property dispute (Counts 5-6); and (3) an alleged scheme perpetrated by Wagner against a bank (Counts 7-8). Each of these schemes should be severed from the others as having been improperly joined in a single indictment under Rule 8(a). The three separate, distinct schemes are materially different from the others, are unrelated, are not the same or of similar character, are not based on the same act or transaction, and do not constitute parts of a common scheme or plan.

First, the three alleged schemes are not the same or of similar character. To address this issue, "the facts and circumstances of the particular case must be considered," based on the allegations in the charging documents. *See United States v.*

*Bailey*, 952 F.2d 363, 365 (10th Cir. 1991). But the Superseding Indictment in this case does not contain any allegations that tie the three categories of counts to one another in a way that would satisfy Rule 8(a). Counts 1-4 allege a scheme against investors in restaurant businesses, while Counts 5-6 allege an entirely different scheme against Mains' ex-wife, and the allegations related to both schemes involve different means, motives, and actions. The same is true for Counts 7-8, which allege a bank fraud scheme to obtain construction loan proceeds that are not in any way tied to the restaurant businesses or to Mains' ex-wife. Counts 7-8 also assert charges against Wagner alone in violation of Rule 8(b), while the other two schemes charge both defendants. In short, there are no allegations to suggest the three different schemes involve similar facts or would require similar evidence or witnesses—in direct contrast to other cases where the counts have been found similar. *See, e.g., id.* at 365 (concluding fraud and tax counts were interrelated because they were based on the same payments and would require testimony from the same witnesses).

Although all counts in this case generally allege fraud, there is no other relationship between or among the three separate schemes. Indeed, the Superseding Indictment offers "nothing by way of factual allegations" that would "show any continuity or connection," and it does not include "facts showing a common scheme or course of conduct." *United States v. Valdez*, 149 F.R.D. 220, 221 (D. Utah 1993). In the absence of such allegations to establish similarity among the various counts, the Counts were improperly joined and should be severed. *See id.* at 222 (finding misjoinder and ordering severance for a count that was "separate from the other counts and of a dissimilar

character" where there was "no indication of any relationship" provided in the indictment).

In an analogous case, *United States v. Wood*, 2016 WL 6680956 at \*1-4 (D. Kan. Nov. 14, 2016) (unpublished), defendant was charged in counts 1-5 with bank fraud for allegedly executing or attempting to execute a scheme to defraud Farmers Bank & Trust, N.A, by fraudulently obtaining loans in multiple successive years, and in two of those years fraudulently diverting funds from a Farmers Bank escrow account rather than paying vendors and property taxes.  In counts 6-10, defendant was charged with the separate scheme of embezzling or willfully converting employee pension plans, failing to file annual financial reports with the Secretary of Labor, and failing to publish a Summary Plan Description for PCI pension plan recipients.

The defendant argued that counts 6-10 – alleging embezzlement of pension plan funds, failure to file annual reports, and failure to publish the Summary Plan to plan participants – were improperly joined with counts 1-5 under Rule 8(a), Federal Rules of Criminal Procedure. The court explained:

> Fed. R. Crim. P. 8(a) allows the Government to join offenses in a single indictment if the offenses are (1) of the same or similar character, (2) based on the same act or transaction, or (3) part of a common scheme or plan.  The Tenth Circuit "construe[s] Rule 8 broadly to allow liberal joinder to enhance the efficiency of the judicial system."[4]

> Counts 6-10, the ERISA charges, are not the same act or transaction as the other charges. But the Government argues they are of the same or similar characteristic as the other charges. The Court disagrees. The bank fraud, wire fraud and aggravated identity theft counts involve fraudulent use of social security numbers,

---

[4] Citing *United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir 1997) (citing *United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir. 1995)).

submission of fraudulent documents to procure loans and extensions of a line of credit from lenders or credit from a credit card provider, check kiting among bank accounts, and/or fraudulently diverting bank escrow monies and checks for tax payments to Defendant's personal bank account. The ERISA counts, on the other hand, charge diversion of monies from PCI's pension plan, failure to publish a plan summary to participants and willful failure to file annual reports with the Secretary of Labor. . . .

*[A]lthough they are financial crimes in the general sense, a showing of similarity requires more than a showing "at a level of generality so high as to drain the term of any real content."*[5]

*Id.* at *2 (emphasis added.)

The government may contend that because the Superseding Indictment alleges wire fraud in connection with one scheme, any separate scheme that has wire fraud as an alleged component is necessarily of the same or similar character – even though the underlying alleged schemes are factually and conceptually different, have nothing in common, have different alleged victims, different alleged predicate acts, and are unrelated. That position would be incorrect. "While joinder is to be liberally construed, the counts must be logically connected in some way, beyond the generality of a motive to illegally obtain money." *Wood*, 2016 WL 6680956 at *3. The government's case against Wagner and Mains does not move beyond overly broad generality and instead involves three separately identified schemes, two of which include alleged conspiracies with manners and means that materially differ, and all three schemes are not of the same or similar character because they involve entirely different fact patterns, different alleged victims, different subject matter, and a lack of evidentiary overlap. To group all counts

---

[5] Citing *United States v. Randazzo*, 80 F.3d 623, 628 (1st Cir 1996).

together as somehow "similar" would require "a level of generality so high as to drain the term of any real content." *Id.* at *2.

For similar reasons, the Superseding Indictment cannot be read to include three different sets of events that are either based on the same act or transaction or parts of a common scheme or plan.

The alleged scheme against restaurant business investors – Counts 1-4 – involves a group of investors in a business plan to create and operate a variety of types and numbers of restaurants throughout the United States.

The alleged scheme against Mr. Mains' ex-wife in a state court marital property dispute – Counts 5-6 – alleges efforts to hide marital assets from a single victim in Mains' divorce, which is unrelated to and conceptually and materially different from the alleged restaurant scheme and bank scheme.

The alleged scheme against a bank – Counts 7-8 – are against Wagner alone and involve alleged fraud in a loan application and draw requests from August 25, 2020 to May 27, 2021, which is unrelated to and conceptually and materially different from the other two alleged schemes.

While a statute used to charge the crimes under the scheme against restaurant investors and the scheme against Mains' spouse overlaps, the underlying schemes, victims, facts, and evidence in support of the alleged schemes are completely different, do not overlap, and are not dependent on the others.  For this reason, they (1) are not of the same or similar character, (2) are not based on the same act or transaction, and (3) do not constitute parts of a common scheme or plan. As a result, the various counts should not

12

have been joined in the first place, should now be severed, and Counts 1-4, Counts 5-6, and Counts 7-8 should be tried in three separate cases.

## B. Even if Properly Joined, the Counts Representing the Three Separate Schemes Should be Severed Based on Prejudice

### 1. Tried Together, the Alleged Schemes Would be Used Improperly to Show Propensity

Even if the Court finds the counts across the three separate alleged schemes were properly joined under Rule 8(a), the Court should sever the counts representing the three separate and distinctly identified alleged schemes in the Superseding Indictment.  Permitting the factually distinct schemes to be stacked and tried together would result in severe prejudice to defendants.  That would play into an express or implied government narrative that defendants have a "fraudulent character," and "if they did it here, the probably did it there."  As the court explained in *United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir. 1997), "[a]side from the provisions of Rule 8, a district court has discretion to sever under Fed.R.Crim.P. 14 if it appears defendant will be prejudiced by joinder of the offenses." Rule 14(a), Federal Rules of Criminal Procedure, provides:

> **Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever defendants' trials, or provide any other relief that justice requires.

The government's joinder of all counts in strikingly dissimilar schemes in one case is an effort to circumvent Rules 404(b) and 403 by instilling in the minds of the jurors that defendants had a propensity to commit the crimes. The only logical connection

13

between or among the three alleged schemes that the jury could conclude is that Wagner and Mains fit a general profile of bad people who must be guilty – propensity – which is precisely the inference against which Rules 404(b) and 403 are designed to guard.

The "admissibility of other crimes evidence in separate trials is a highly significant factor in determining whether joinder is prejudicial." *Drew v. United States*, 331 F.2d 85, 90 n.12 (D.C. Cir. 1964). Under Rules 404(b) and 403, Federal Rules of Evidence, the evidence in support of the three separate alleged "schemes" – (1) the "Charges related to the Scheme Against Mains' Spouse," (2) the "Charges Relating to Scheme Against Restaurant Business Investors,'" the (3) the "Charges Related to Scheme Against a Bank" – should not be cross-admissible if the counts relating specifically to those discrete schemes were tried separately.

There are no circumstances to suggest that the alleged "Scheme Against Mains' Spouse" was in some material way connected with the alleged "Scheme Against Restaurant Business Investors." Likewise, there is nothing to suggest the alleged "Scheme Against A Bank" had any material connection to the other two alleged schemes. Without any material connection among the counts, the various counts can only support a propensity inference and therefore will cause prejudice.

    2.  <u>Absent Severance, Defendants are Prejudiced Because Mains Plans to Testify Only in Relation to Counts 1-4</u>

The Court should sever Counts 1-4, 5-6, and 7-8 because of the high likelihood that Mains will testify in connection with one set of counts, as is his right under the 6th

Amendment, while invoking his right against self-incrimination in others, as is his right under the 5th Amendment.

Severance under Fed. R. Crim. 14 is needed once "defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." *United States v. Valentine*, 706 F.2d 282, 291 (10th Cir. 1983) (internal quotations and citations omitted). "In making such a showing, it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of 'economy and expedition in judicial administration' against the defendant's interest in having a free choice with respect to testifying." *Id*.

Such circumstances apply here. Mr. Mains currently intends to testify concerning the following facts relating to Counts 1-4:

1. Mr. Mains' understanding of loan agreements between Defendants; and

2. That the funds used to pay off the loan on the property at 7323 East Shoeman Lane in Scottsdale, Arizona ("Shoeman Lane Funds") were personal funds and cannot be traced to any investor funds in the alleged Scheme Against Restaurant Business Investors.

If Mr. Mains were to testify regarding these topics, which are critical to his defense to Counts 1-4 and the Government's efforts to forfeit such funds, questioning by prosecutors on cross-examination would inevitably require Mr. Mains to testify regarding

15

the loans, the flow of funds, and why personal funds were transferred – all of which are theories central to the government's marriage fraud case in counts 5-6, thereby forcing him to testify regarding the marriage fraud, which he is not voluntarily electing to do.

Mr. Mains has compelling reasons *not* to testify on these subjects. Mr. Mains intends to file a separate *ex parte* motion for leave to make an *in camera* presentation to the Court setting forth the specific testimony relating to the marriage fraud case discussing those compelling reasons and why he should not be compelled to provide such testimony.[6] However, by way of summary (without waiving the right to provide greater detail in an *ex parte* submission), forcing Mr. Mains to testify against his spouse, who is the mother of his children and to whom Mr. Mains means no harm, could cause irreparable damage to Mr. Mains' relationship with his children. In addition, forcing Mr. Mains to provide in-depth detail of complex financial, familial, personal, and business relationships relating to the separation and divorce would be highly prejudicial to any jury.

For these reasons, Mains has presented both important testimony refuting elements of one set of Counts (*i.e.*, Counts 1-4) and a compelling reason not to testify on a different set of Counts (*i.e.*, 5-6). Severance is thus proper here.

---

[6] *See also United States v. Gardner*, No. 2:10-CR-551-TC, 2012 WL 5285376, at *1 (D. Utah Oct. 25, 2012) (allowing *ex parte* presentation concerning anticipated testimony in support of motion to sever); *United States v. Jensen*, No. 1:12-CR-83 TS, 2013 WL 6858303, at *1 (D. Utah Dec. 30, 2013) (same).

### III. CONCLUSION

The government has alleged three separate, distinct, and unrelated schemes against the defendants in this case. Because the schemes have no connection to each other, there is no basis for joinder under Rule 8(a), and the counts must be severed. The counts for each scheme should also be severed under Rule 14, based on the severe prejudice that will inevitably follow from the introduction of disconnected evidence that will only show propensity, and because of a defendant's need to testify in relation to a scheme while invoking the right against incrimination in another. The Court should sever the three separate schemes.

DATED this 9th day of July 2025.

SPENCER FANE LLP

*/s/ Richard A. Van Wagoner*
Richard A. Van Wagoner
Nathan A. Crane
 *Attorneys for Defendant*


MASSEY BEAN & LEWIS

*/s/ Matthew Lewis*
Matthew Lewis *(signed with permission via email on 7/7/2026)*
 *Attorney for Defendant Michael Mains*

17

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS'**

**MOTION TO SEVER** was served upon Plaintiff by submission of the document for

electronic filing on July 9, 2026.

Carl D. LeSueur
Brent L. Andrus
Assistant United States Attorney
111 S. Main Street, Ste. 1800
Salt Lake City, UT 84111
801-524-5682
Carl.lesueur@usdoj.gov
Brent.Andrus@usdoj.gov
 *Attorney for Plaintiff*

 */s/ Megan Neff*
 Legal Assistant

4812-5308-7597, v. 1

18