Matthew R. Lewis (7919)
Taylor J. Smith (17537)
**MASSEY BEAN & LEWIS**
50 W Broadway, Suite 1000
Salt Lake City, UT 84101
Telephone: (801) 994-6800
Email: mlewis@mbllaw.com
Email: tsmith@mbllaw.com

*Attorneys for Defendant Michael Mains*

---

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON WAGNER, and<br>MICHAEL MAINS,<br><br>Defendants. | **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR TRIAL ORDER**<br><br>Case No. 2:24-cr-00357<br><br>Judge Ted Stewart<br>Magistrate Judge Daphne A. Oberg |

Defendant Michael Mains, through undersigned counsel, respectfully submits this Reply In Support of Motion for Trial Order (the "Motion").

Although "trial by ambush" is both widely disfavored by courts and also highly inefficient, the government has made it clear that it attempts to do just that by (1) over-identifying potential witnesses and (2) resisting any effort to identify witnesses the government may actually call at trial. Similarly, the government resists any effort to identify potential exhibits it may use at trial.

The government does not disagree that the entry of the trial order requested by Defendants would make the trials in this matter more efficient and effective. Rather, the government argues that it is not required by the Constitution or statute to provide the information and therefore should not be ordered to do so even if it will make the trials in this matter more efficient and conserve resources of both the parties and the Court. But the government's arguments are meritless and should be rejected, and the Court should enter the trial order provided by Defendants as an exhibit the Motion.

## I. The Court Should Enter Defendants' Requested Trial Order Because The Court's Standard Trial Order Requires the Government to Disclose its Exhibits and Witnesses, But Does Not Include a Date for Doing So.

The Court's standard trial order sets most pretrial deadlines, but it does not specify the dates by which the government must disclose its exhibit and witness list. Paragraphs 7 and 8 of the Court's standard trial order require the government to prepare those lists for the Court's use before trial, but do not set a deadline for disclosure to Defendants. Defendants' Motion merely requests that the Court set a date for the government to do so. Given that the government is already required to disclose its witnesses and exhibits, there is no harm – and increased efficiency – if it is required to do so by the date of the final pretrial conference.

The requirement that the government disclose its witnesses and exhibits makes sense because it is the government that bears the burden of proof and Defendants have no burden to produce any witnesses or exhibits. "The government has the burden of proving the defendant guilty beyond a reasonable doubt." *See* 10th Circuit Pattern Jury Instruction 1.05 ("The law does not require a defendant to prove his innocence or produce any evidence at all."). Moreover, Defendants cannot anticipate what evidence the government will introduce, especially given the over-disclosure of

witnesses and massive amounts of documentary discovery in this case. If Defendants were required to provide a contemporaneous witness and exhibit list it would necessarily be over-inclusive in order to counter *potential* evidence that might be introduced by the government. This approach would be of little value, which is likely why the Court's standard trial order does not require a contemporaneous production of witness and exhibit lists by Defendants.

Indeed, this is precisely what happened in the case of *United States v. Bowser*, referenced by the government in its Partial Opp. to Defendants' Motion for Trial Order ("Partial Opp.") at 6. The government claims that counsel for Aaron Wagner[1] provided a list of 1,800 witnesses and exhibits. What the government does not disclose is that this disclosure was in rebuttal to a "data dump" by the government of hundreds of witnesses and unmarked exhibits provided by the government first, which disclosure failed to meaningfully identify the evidence upon which the government intended to rely. Because of the government's overbroad disclosure, the defense was forced to disclose all potentially relevant witnesses and exhibits. The government also fails to note that this disclosure was approximately four months before a six-week trial pursuant to a trial order issued by Judge Neilson. The defense ultimately narrowed the list to 35 witnesses through discussions with the government regarding which witnesses the government actually intended to call. Many of the 35 witnesses included on the defense's final list were called by the government during its case in chief, thereby negating the need for the defense to call such witnesses, or were rendered unnecessary by agreement of the parties. Although the defense ultimately called eight witnesses, the need to initially disclose far more was caused by the government's failure to provide

[1] Counsel for Mr. Mains did not represent any parties in the *Bowser* case.

a meaningful disclosure to which the defense could respond. This is yet another reason that Defendants' requested trial order is necessary in this case.

## II. Disclosure by the Time of the Final Pretrial Conference Will Make the Trials in This Matter More Efficient, Which is Critical Now that the Government Has Admitted that it Mis-joined Counts 7 and 8 and Is Requesting a Second Trial During the Current Schedule

In response to Defendant Michael Mains' Motion to Sever Codefendants' Trials [Dkt. 146], the Government has admitted that it mis-joined Counts 7-8 in the Superseding Indictment. Its requested remedy is that the Court sever counts 7 and 8 and set aside at least the first five of the 14 trial days currently allotted for this case to empanel and jury and try those counts separately. *See* United States' Partial Opp. to Defendant Michael Mains' Motion to Sever Codefendants' Trials [Dkt. 148] at 1 and n.1 ("Counts 7 and 8 can be severed for a separate trial. The United States … request[s] that the Court notice two juries, one for trial of Aaron Wagner on Counts 7 and 8 on September 28th, and the next for October 8, 2026 for the joint trial of Aaron Wagner and Michael Mains on counts 1 through 6. … Allowing five days, plus a spare, before empaneling the next jury seems plenty of time.")

The nine trial days that would remain for the trial of this matter is not sufficient and further demonstrates the government's effort to hide the ball. As acknowledged by the government in its Partial Opp., the government has included nearly 70 individuals on a "Do Not Contact" list in this case. Given the government's demonstrated willingness to weaponize this list by seeking revocation of pretrial release after Mr. Wagner and an individual on the list happened to walk past each other in a concourse at a hockey game, Defendants moved for an order requiring the government to reduce the no-contact list to include only witnesses that it reasonably anticipates

calling at trial. As described in Defendants' Joint Motion to Order the Government to Narrow the No-Contact List Consistent with Its Representations to the Court [Dkt. 129], the nearly 70 individuals identified represent far more potential witnesses than could be called during the 14-day trial the government represented to the Court was necessary in this case. If the government is representing that the trial for Counts 1-6 can now be completed in 9 trial days (which is unrealistic given the complexity of the issues involved), its non-contact list is even more overbroad and further demonstrates the government's effort to over-disclose potential witnesses and exhibits to force Defendants to prepare for every possible piece of evidence or witness.

Moreover, it is clear that the government has already identified many of the exhibits it seeks to use at trial. The government's Partial Opposition to Defendants' Joint Motion for a *James* Hearing [Dkt. 133], includes a number of exhibits numbered non-sequentially that were presumably pulled from the government's anticipated trial exhibits. Because the government has already identified many of the exhibits it plans to use at trial, requiring the government to disclose an anticipated witness and exhibit list on the date of the final pretrial will not materially prejudice the government.[2]

## III. The Court Has Inherent Authority to Enter the Requested Trial Order, Which Is Fair and Necessary to Ensure Orderly Trials in this Matter

Courts have long recognized that they retain inherent, discretionary authority to order the production of a witness or exhibit list where the interests of justice and orderly trial management

[2] Contrary to the government's assertion, at the status conference where the trial was scheduled, Defendants' counsel indicated a willingness to have the Court or parties establish deadlines for the parties to make a mutual exchange of witness and exhibits lists. The government indicated that it did not want any such dates.

require it. The Sixth Circuit has directly held that a district court has discretion to order the prosecution to produce a witness list even absent a rule compelling it. *United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980).

As Defendants' stated in their Joint Motion: "Deadlines for the disclosure of the government's exhibit and witness lists are necessary to ensure an efficient and orderly trial by allowing Defendants to prepare for trial, evaluate evidentiary issues, raise objections before the jury is empaneled, consider stipulations, and avoid unnecessary interruption of trial proceedings." *Id.* at 1. The requested trial order is even more justified now that the government is requesting a separate trial for the counts it mis-joined, which will make completion of the trials on the current schedule very difficult to achieve.

The Court's standard trial order requires the government to disclose its witnesses and exhibits, but does not provide a specific date to do so. The requested trial order asks only that the government disclose the witnesses and exhibits it intends to use at trial by September 1, 2026, the date of the Final Pretrial Conference, which will allow the parties to reasonably prepare *motions in limine*, jury instructions and other trial tasks that are dependent on the evidence the government intends to introduce at trial. The requested deadlines make sense and are modest and fair.[3]

[3] Defendants continue to believe that the requested disclosure is required by due process given the massive quantify of discovery in this case and the difficulty identifying exculpatory evidence, which is required to be produced by *Brady v. Maryland,* 373 U.S. 83 (1963) and the Constitution's Due Process Clause. *Brady* also requires the production of the interview memoranda referenced by the government. *See* Partial Opp. at 4.

DATED July 17, 2026

**MASSEY BEAN & LEWIS**

*/s/ Matthew R. Lewis*
Matthew R. Lewis
Taylor J. Smith

*Attorneys for Defendant Michael Mains*

**SPENCER FANE**

*/s/ Richard A. Van Wagoner**
Richard A. Van Wagoner
Nathan A. Crane
Melinda K. Bowen

*Attorneys for Defendant Aaron Wagner*

*signed electronically with permission

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2026, I filed a true and correct copy of the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR TRIAL ORDER** via the Court's electronic case filing system, which effectuated service on all parties of record.

*/s/ Claire Lewis*
Claire Lewis